EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
THE LAW OFFICE OF DEBORAH M. GOLDEN
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.M., | ) Case No. |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY DEMAND** |
| vs. | ) |
| UNITED STATES OF AMERICA; JAMES HIGHHOUSE, in his individual capacity; RAY GARCIA, in his individual capacity, | ) |
| Defendants. | ) |

## INTRODUCTION

1. Plaintiff K.M. served a sentence in the Bureau of Prisons beginning in 2015 and was housed at Federal Corrections Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," until 2019, when she was transferred to a different BOP facility.

2. While housed at FCI Dublin, Plaintiff K.M. faced sexual abuse over the course of a year by the trusted Chaplain, Defendant James Highhouse.

3. Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4. Plaintiff K.M. is currently battling long-lasting traumatization.

## JURISDICTION AND VENUE

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff K.M. will be filing an administrative motion to relate this case to those other cases.

## PARTIES

9. Plaintiff K.M. was at all times relevant hereto in the custody of the BOP, including in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin. FCI Dublin is a federal female low-security correctional institution.

11. Defendant James Highhouse was the chaplain at FCI Dublin. He is sued in his individual capacity.

12. Defendant Ray Garcia was the Warden and PREA Coordinator during the time of this abuse. He is sued in his individual capacity.

13. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff K.M. Plaintiff K.M. was dependent upon Defendant United States for her personal security and necessities.

14. In performing the acts and/or omissions contained herein, Defendant Highhouse acted under color of federal law, and Plaintiff K.M. is informed and believes he acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff K.M. Defendant United States knew or should have known that Defendant Highhouse's conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff K.M. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendant United States failed to take steps to protect Plaintiff K.M. and to ensure her rights to safety from sexual abuse.

15. In performing the acts and/or omissions contained herein, Defendant Garcia acted under color of federal law, and Plaintiff K.M. is informed and believes he acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff K.M. He knew and/or should have known that his conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff K.M. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendant Garcia failed to take steps to protect Plaintiff K.M. and to ensure her rights to safety from sexual abuse.

**FACTS**

16. Plaintiff K.M. was incarcerated at FCI Dublin from 2015 until 2019, when she was transferred to a different BOP facility.

17. Plaintiff K.M. remains incarcerated at Federal Medical Center Carswell, a BOP facility, where she continues to face retaliation as a former Dublin prisoner.

18. Shortly after arriving at FCI Dublin in 2015, Plaintiff K.M. began working at the chapel.

19. She was eager for this job because she had always been religious and wanted to remain connected to her Christianity while incarcerated.

20. Plaintiff K.M.'s initial meetings with Defendant Highhouse were supportive.

21. Defendant Highhouse offered counseling where Plaintiff K.M. was able to share details about the difficulties she was having with her family and being incarcerated for the first time.

22. At some point during these counseling sessions, Defendant Highhouse started talking about sex.

23. He would ask her questions about her sex life prior to incarceration, and he would share about his sex life with his wife and the sexual activities he was interested in.

24. Concurrently, at this time, Plaintiff K.M. would attend his church classes.

25. During these classes, Defendant Highhouse would regularly discuss sex and would look at her longingly.

26. Plaintiff K.M. was uncomfortable, but she was desperate for spiritual and religious guidance and appreciated some of the advice that Defendant Highhouse offered.

27. In one of their sessions, Plaintiff K.M. confided in Defendant Highhouse that she was innocent of the charges for which she was serving her sentence.

28. Defendant Highhouse told her that he had a brother who was a lawyer and that he would ask his brother to help Plaintiff K.M. with her appeal.

29. However, he told her that she needed to do favors for him if he was going to get his brother to assist her.

30. Beginning around 2017—and over the course of the next year—Defendant Highhouse would have Plaintiff K.M. come into the chapel on Saturdays, because that was the day that only he worked.

31. He would then have Plaintiff K.M. enter his office, where he would force Plaintiff K.M. to manually masturbate him, and then he would vaginally penetrate her.

32. Defendant Highhouse vaginally penetrated Plaintiff K.M. nine or ten times over the course of that year. She is unsure of the number of times he forced her to manually masturbate him.

33. Throughout this year of sexual abuse, Defendant Highhouse would physically assault her, causing bruising on her sides.

34. Defendant Highhouse regularly told her that if she ever tried to report him, no one would believe her and that he would place her in the Segregated Housing Unit ("SHU") for lying.

35. Additionally, Defendant Highhouse continued to wield the fact that his brother was a lawyer who could assist her in her criminal appeal, and that if she told anyone, Defendant Highhouse would no longer get his brother to help her.

36. Towards the end of the year, Plaintiff K.M.'s shame and discomfort took over, and she realized that Defendant Highhouse had never intended to assist her.

37. Plaintiff K.M. left the chapel and started working for recreation.

38. She also no longer attended weekly church services.

39. Because Plaintiff K.M. had been religious, leaving the job at the chapel and weekly church services was emotionally painful.

40. Plaintiff K.M. was able to avoid seeing Defendant Highhouse until she was transferred out of FCI Dublin to FMC Carswell in 2019.

41. After the year-long sexual abuse, while still housed at FCI Dublin, Plaintiff K.M. had nightmares and would wake up in the night screaming.

42. She was diagnosed with post-traumatic stress disorder.

43. When she arrived at FMC Carswell in 2019—and still to this day—she faced retaliation for being a "Dublin girl."

44. Plaintiff K.M.'s room would regularly get ransacked by correctional officers under the guise of a search, and her personal items would be thrown away or otherwise destroyed in violation of BOP policy.

45. When officers would retaliate, they would specifically tell her that she was "trying to get [their] money," in reference to the lawsuits filed by prisoners from Dublin.

46. Plaintiff K.M. tried to push the memories of the sexual abuse down so that she would not need to address it and bring further retaliation.

47. However, Plaintiff K.M. would regularly wake up screaming from night terrors, was unable to sleep through the night, and eventually realized she could not continue to push this sexual abuse down.

48. Plaintiff K.M. is anxious and depressed; carries shame, such that she does not open up to anyone; and blames herself for what happened.

49. Plaintiff K.M. sought out mental health therapy because of the sexual abuse she suffered and the retaliation she continues to experience, but she has not been able to fully open up to a BOP-employed therapist.

50. Despite continuing to be religious, Plaintiff K.M. refuses to attend church services to this day because of the torment she experienced at the hands of Defendant Highhouse.

## EXHAUSTION

51. On February 28, 2025, Plaintiff K.M., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

52. The BOP acknowledged receipt on March 10, 2025.

53. The BOP has not substantively responded to her claim.

## EQUITABLE TOLLING

54. Plaintiff K.M. is entitled to equitable tolling for her FTCA claim.

55. The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

56. Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

57. Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See* e.g., *Su v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue claim)).

58. Plaintiff K.M. clearly faced extraordinary circumstances, preventing the timely filing of her FTCA claim.

59. Because Plaintiff K.M. remains incarcerated within the BOP, where she continues to face retaliation, and was physically assaulted by her abuser and threatened with retaliation when

she attempted to report the sexual abuse, she experienced extraordinary circumstances preventing her from freely accessing the courts or safely pursuing her claims.

60. As long as she remains under BOP custody and control, the threats, coercion, and fear of retaliation continue to silence her.

61. A court-appointed Special Master confirmed that during the time of Plaintiff K.M.'s incarceration, "there was no safe or consistent path women could take to file sex abuse complaints," that women were "intimidated and forced to justify why they needed to complete [PREA] forms in the first place, "and that women who tried to report abuse were met with retaliation, including solitary confinement and wrongful disciplinary infractions which extended their incarceration.[1]

62. Plaintiff K.M. has diligently pursued her rights by initiating this claim as soon as she felt some level of safety, was finally able to face the reality of the sexual abuse she suffered, and saw that other women were being believed and receiving justice.

63. Plaintiff K.M. found an attorney as soon as she was able.

64. Plaintiff K.M. has further demonstrated that she faced extraordinary circumstances, facing egregiously violent sexual and physical violence, and persistent trauma, preventing her from filing within the ordinary FTCA statutory period.

65. Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff K.M.'s statute of limitations prevents this very result. Without the equitable tolling of Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation, retaliation, and constitutional violations that prevented Plaintiff from asserting her claim within the statutory period.

---

[1] Lisa Fernandez, FCI Dublin Special Master Finds 'Cascade Failures at Women's Prison, KTVU (Aug. 20, 2024), https://www.ktvu.com/news/fci-dublin-special-master-finds-cascade-failures-womens-prison; Lisa Fernandez, Special Master Issues 1st Report on FCI Dublin Sex Assault, KTVU (Aug. 19, 2024), https://www.ktvu.com/news/special-master-issues-1st-report-fci-dublin-sex-assault; Lisa Fernandez, FCI Dublin Special Master Authorized to Ensure Women Care for at Other Prisons: Judge, KTVU (May 21, 2024), https://www.ktvu.com/news/fci-dublin-special-master-authorized-to-ensure-women-cared-for-at-other-prisons-judge

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

66. Plaintiff K.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

67. Plaintiff K.M. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employee, Defendant Highhouse.

68. The United States is named as a defendant for the acts of this individual employee under the Federal Tort Claims Act.

69. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

70. Defendant Highhouse's position as a BOP chaplain was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

71. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

72. Defendant Highhouse discriminated against Plaintiff K.M. based on her gender when he repeatedly sexually abused her by physically subjecting her to sexual acts.

73. By these acts, Defendant Highhouse caused Plaintiff K.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

## SECOND CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant Highhouse)
### (FTCA; Cal. Civ. Code § 52.4)

74. Plaintiff K.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

75. Plaintiff K.M. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against Defendant Highhouse.

*K.M. v. United States of America*, No.
Complaint for Damages and Jury Demand - 8

76. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

77. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

78. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

79. Plaintiff has a nonfrivolous argument that Defendant Highhouse bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

80. Defendant Highhouse discriminated against Plaintiff K.M. based on her gender when he repeatedly sexually abused her by physically subjecting her to sexual acts.

81. By these acts, Defendant Highhouse caused Plaintiff K.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

**THIRD CLAIM FOR RELIEF
SEXUAL ASSAULT
(against Defendant United States)
(FTCA; California Common Law)**

82. Plaintiff K.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

83. Plaintiff K.M. brings this claim for sexual assault under the Federal Tort Claims Act for violation of the right to be free from sexual assault under California common law against the United States based on the conduct of its employee, Defendant Highhouse.

84. The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

85. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

86. Defendant Highhouse's position as a BOP employee was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

87. Defendant Highhouse violated Plaintiff K.M.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

88. Defendant Highhouse's sexual abuse of Plaintiff K.M. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

89. Defendant Highhouse subjected Plaintiff K.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff K.M.'s person.

90. By intentionally subjecting Plaintiff K.M. to sexual acts, Defendant Highhouse acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

91. By repeatedly subjecting Plaintiff K.M. to sexual acts, Defendant Highhouse caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FOURTH CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant Highhouse)**
**(California Common Law)**

92. Plaintiff K.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

93. Plaintiff K.M. brings this claim for sexual assault under California common law against Defendant Highhouse.

94. Defendant Highhouse violated Plaintiff K.M.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

95. Defendant Highhouse's sexual abuse of Plaintiff K.M. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

96. Defendant Highhouse subjected Plaintiff K.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff K.M.'s person.

97. By intentionally subjecting Plaintiff K.M. to sexual acts, Defendant Highhouse acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

98. By repeatedly subjecting Plaintiff K.M. to sexual acts, Defendant Highhouse caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

### FIFTH CLAIM FOR RELIEF
### SEXUAL BATTERY
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 1708.5)

99. Plaintiff K.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

100. Plaintiff K.M. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code section 1708.5 against the United States based on the conduct of its employee, Defendant Highhouse.

101. The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

102. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

103. Defendant Highhouse's position as a BOP employee was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

104. Defendant Highhouse committed sexual battery against Plaintiff K.M. by repeatedly sexually abusing and physically assaulting her while she was incarcerated at FCI Dublin.

105. The sexual abuse of Plaintiff K.M. was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

106. Defendant Highhouse subjected Plaintiff K.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff K.M.'s person.

### SIXTH CLAIM FOR RELIEF
### SEXUAL BATTERY
### (against Defendant Highhouse)
### (Cal. Civ. Code § 1708.5)

107. Plaintiff K.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

108. Plaintiff K.M. brings this claim for sexual battery under California Civil Code section 1708.5 against Defendant Highhouse.

109. Defendant Highhouse committed sexual battery against Plaintiff K.M. by repeatedly sexually abusing her while she was incarcerated at FCI Dublin.

110. The sexual abuse of Plaintiff K.M. was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

111. Defendant Highhouse subjected Plaintiff K.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff K.M.'s person.

### SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant United States)
### (FTCA; California Common Law)

112. Plaintiff K.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

113. Plaintiff K.M. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of its employee, Defendant Highhouse.

114. The United States is named as a defendant for the acts of this individual employee under the Federal Tort Claims Act.

115. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

116. Defendant Highhouse's position as a BOP employee was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

117. Defendant Highhouse engaged in outrageous conduct by repeatedly subjecting Plaintiff K.M. to sexual acts while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff K.M. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

118. Defendant Highhouse's sexual abuse caused Plaintiff K.M. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

119. Defendant Highhouse intended to cause Plaintiff K.M. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

**EIGHTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant Highhouse)**
**(California Common Law)**

120. Plaintiff K.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

121. Plaintiff K.M. brings this claim for the intentional infliction of emotional distress against Defendant Highhouse.

122. Defendant Highhouse engaged in outrageous conduct by repeatedly subjecting Plaintiff K.M. to sexual acts while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff K.M. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

123. Defendant Highhouse's sexual abuse caused Plaintiff K.M. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

124. Defendant Highhouse intended to cause Plaintiff K.M. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

///
///
///

*K.M. v. United States of America*, No.
Complaint for Damages and Jury Demand - 13

**NINTH CLAIM FOR RELIEF**
**BANE ACT**
**(against all Defendants)**
**(FTCA; Cal. Civ. Code § 52.1)**

125. Plaintiff K.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

126. Plaintiff K.M. was in the custody and control of the United States during all relevant times.

127. Defendants Highhouse and Garcia violated Plaintiff K.M.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

128. Defendant United States, by the actions of its employee Highhouse, interfered with Plaintiff K.M.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

129. As a proximate result of these acts, Plaintiff K.M. sustained damage and injury.

**TENTH CLAIM FOR RELIEF**
**TRAFFICKING VICTIMS PROTECTION ACT**
**(against all Defendants)**
**(18 U.S.C. § 1581, *et seq.*)**

130. Plaintiff K.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

131. Defendant Highhouse knowingly recruited, enticed, and solicited Plaintiff K.M. by offering benefits and things of value, such as not being placed in the SHU and getting legal assistance from his brother, for engaging in sex acts.

132. Defendant Highhouse made Plaintiff K.M. engage in sex acts through force and coercion.

133. Defendant Garcia knew of, or should have reasonably known, that Defendant Highhouse was soliciting Plaintiff K.M. in exchange for sex acts, and benefited by failing to protect Plaintiff K.M.

134. This conduct has caused Plaintiff K.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

**ELEVENTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.5)**

135. Plaintiff K.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

136. Defendant Highhouse knowingly recruited, enticed, and solicited Plaintiff K.M. by forcing her to engage in sex acts through force and coercion.

137. Defendant United States knew or should have known that Defendant Highhouse was engaged in these activities and intentionally placed Plaintiff K.M. at greater risk of harm and/or failed to act in a manner that protected Plaintiff K.M. from harm.

138. Defendant United States employed Defendant Highhouse, whose actions and/or inactions occurred while he was acting as a federal employee under the color of law.

139. This conduct has caused Plaintiff K.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**TWELFTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendants Highhouse and Garcia)**
**(Cal. Civ. Code § 52.5)**

140. Plaintiff K.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

141. Defendant Highhouse knowingly recruited, enticed, and solicited Plaintiff K.M. by offering benefits and things of value, such as not being placed in the SHU and getting legal assistance from his brother, for engaging in sex acts.

142. Defendant Highhouse made Plaintiff K.M. engage in sex acts through force and coercion.

143. Defendant Garcia knew or should have known that Defendant Highhouse was engaged in these activities and intentionally placed Plaintiff K.M. in greater risk of harm and/or failed to act in a manner that protected Plaintiff K.M. from harm.

144. This conduct has caused Plaintiff K.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## PRAYER FOR RELIEF

145. Plaintiff K.M. prays for judgment against Defendants, and each of them, as follows:

   (a) An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff K.M. in an amount to be determined at trial;

   (b) An award to Plaintiff K.M. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

   (c) For such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff K.M. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 12, 2025

SIEGEL, YEE, BRUNNER & MEHTA

By:_____

EmilyRose Johns

*K.M. v. United States of America*, No.
Complaint for Damages and Jury Demand - 16

| | |
|---|---|
| 1 | THE LAW OFFICE OF DEBORAH M. GOLDEN |
| 2 | |
| 3 | By: /s/ *Deborah M. Golden* |
| |     Deborah M. Golden |
| 4 | |
| | DC Bar # 470-578 |
| 5 | Motion for *pro hac vice* forthcoming |
| 6 | |
| 7 | *Attorneys for Plaintiff* |